J. ASHLEE ALBIES    OSB #05184
E-mail: ashlee@civilrightspdx.com
MICHAEL ROSE    OSB #75322
E-mail: mrose@civilrightspdx.com
CREIGHTON & ROSE, PC
500 Yamhill Plaza Building
815 S.W. Second Avenue
Portland, Oregon 97204
Phone:  (503) 221-1792
Fax:     (503) 223-1516

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADALBERTO FLORES-HARO, ALMA GRANADOS-MILLAN, D.I., a minor, J.I., a minor, Y.I., a minor, T.F., a minor, and Ti.F., a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVEN SLADE, an individual, JOHN EGG, an individual, and BRIAN MCLEOD, an individual, CITY OF HILLSBORO, and WASHINGTON COUNTY,<br><br>Defendants. | Civil No.<br><br>COMPLAINT<br>(Civil Rights / State Law/ Damages)<br><br>DEMAND FOR A JURY TRIAL |

## I. INTRODUCTION

1.      On Tuesday, March 13, 2012, at approximate 9:30 pm, Plaintiff Adalberto Flores-

Haro was at home with his family when they saw an intruder lurking in their backyard.  When

PAGE 1 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON
& ROSE, PC
ATTORNEYS
AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

Flores-Haro stepped out his front door to investigate, and to ward off a potential threat with an unloaded gun in hand, he was immediately shot in the stomach and in the arm by the intruders, defendant police officers. Prior to shooting Flores-Haro in the doorway of his own home in full view of his family, defendant officers did not identify themselves, gave no warning or command to Flores-Haro to drop the gun, and subsequently offered no apologies. Instead, defendants left him to bleed out in full view of his wife and children before getting him medical attention. Defendants' shooting of Flores-Haro resulted in an extended stay in the hospital and lasting physical and emotional trauma. Pursuant to 42 USC § 1983, Flores-Haro and his family allege defendants violated his Fourth Amendment rights by subjecting him to excessive force resulting in substantial injury. He seeks awards of economic damages, non-economic damages, attorney fees and litigation expenses/costs against defendants.

## II. JURISDICTION & VENUE

2. This court has jurisdiction over plaintiff's federal claims by virtue of 28 USC §§ 1331 and 1343, and over plaintiff's state court claims by virtue of 28 USC § 1367.

3. Venue is in the District of Oregon pursuant to 28 USC §1391(b) because the claims arose in this judicial district.

4 Plaintiffs file this action within 180 days of the incident, and have thereby satisfied the requirements of the Oregon Tort Claims Act, as specified in ORS 30.275(3)(c).

## III. PARTIES

5. ADALBERTO FLORES-HARO ("Flores-Haro") is a resident of Portland, Oregon. He is a 32-year-old male, husband to ALMA GRANADOS-MILLAN and father to the minor plaintiffs.

PAGE 2 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

6. ALMA GRANADOS-MILLAN ("Granados") is a resident of Portland, Oregon. She is Flores-Haro's wife, and mother of the five minor plaintiffs.

7. D. I. was 17 years old, a minor at the time of the incident on March 13, 2012.

8. J. I. was 14 years old, a minor at the time of the incident on March 13, 2012.

9. Y. I. was 9 years old, a minor at the time of the incident on March 13, 2012.

10. T. F. was 7 years old, a minor at the time of the incident on March 13, 2012.

11. Ti. F. was 5 years old, a minor at the time of the incident on March 13, 2012.

12. At all material times herein, defendant STEVEN SLADE was a HILLSBORO Police Officer acting within the course and scope of his employment. SLADE is sued in his individual capacity only.

13. At all material times herein, defendant JOHN EGG was a WASHINGTON COUNTY Sheriff's Deputy acting within the course and scope of his employment. EGG is sued in his individual capacity only.

14. At all material times herein, defendant BRIAN MCLEOD was a WASHINGTON COUNTY Sheriff's Deputy acting within the course and scope of his employment. EGG is sued in his individual capacity only.

15. At all material times herein, defendant CITY OF HILLSBORO ("Hillsboro") is a public body in the State of Oregon responsible under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct is at issue herein.

16. At all material times herein, defendant WASHINGTON COUNTY ("Washington County") is a public body in the State of Oregon responsible under state law for the acts and omissions of its law enforcement officers and other employees, including those whose conduct is

PAGE 3 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

at issue herein.

## IV. FACTS

17. At all times material herein, defendants acted under color of state law.

18. At all relevant times herein, plaintiffs were at their home in Portland.

19. On or about March 13, 2012, at approximately 9:45 pm, Flores-Haro was at home with his wife and five children when Granados heard the family dog barking outside, and went out to investigate. She heard what sounded like a person jumping over their fence into their backyard so she quickly went back inside and closed the door. From the back window, Granados saw a man in dressed in dark clothing in their backyard.

20. Plaintiff Granados screamed in fear, alerting Flores-Haro of the unknown intruder.

21. Flores-Haro and Granados directed the younger children to go upstairs and hide while Flores-Haro investigated.

22. Flores-Haro opened his back door to look in the backyard, and saw what looked like a person hop over their fence from the backyard, headed towards the front of the house.

23. Flores-Haro closed his back door, and proceeded to investigate at the front door.

24. Flores-Haro opened his front door to find a trespasser dressed in black. Flores-Haro, fearing this to be a burglary, shouted at the person "what do you want?" and asked why they were in his backyard.

25. The trespasser in black told Flores-Haro to get back in the house, but did not identify himself.

26. At that point, fearing for the safety of his family, Flores-Haro ran upstairs to grab his unloaded pistol, with the hope of scaring away the intruder.

PAGE 4 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

27. Flores-Haro then went to his front door again and stepped out on his front porch, with Granados right next to him, and D. I. further inside their home.

28. Flores-Haro stepped onto his front porch. Defendants immediately opened fire, without giving warning, commands, or identifying themselves, shooting Flores-Haro at least seven times in the arm and stomach.

29. Granados screamed and ducked behind a sofa while her husband was repeatedly shot. She shouted for her other children to call 9-1-1.

30. After Flores-Haro was shot, he retreated into his home and attempted to lock the front door to protect his family. He was unable to do so due to his injuries. He lay bleeding in his front entryway. Granados locked the front door.

31. D. I. called 9-1-1; the operator told him to go outside and put pressure on the wound, and wait for the police to arrive.

32. D. I. went outside as instructed by the 9-1-1 operator, only to be met with defendants aiming their guns at his face, ordering him to lay down on the ground. D. I. complied and lay face down, while his mother was still inside.

33. D. I. told them Flores-Haro was injured and needed medical attention, but defendants would not let an ambulance through to the scene or allow D.I. to assist Flores-Haro.

34. After Flores-Haro was shot, defendants ordered Granados, and her other young children to come out of the house. Defendants had their guns pointed at the family. The children were forced to step over Flores-Haro, who remained lying bleeding in his front entryway.

35. In full view of his wife and children, defendants grabbed the injured Flores-Haro and dragged him by his arms over 100 feet to the sidewalk.

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

PAGE 5 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

36. Defendants separated Granados from her children, who were inadequately dressed, cold, and crying, and peppered her with questions. After being questioned extensively for hours by law enforcement, she informed that the police were the ones who had shot her husband. Prior to being shot, Flores-Haro and Granados had no idea law enforcement was outside their home that night.

37. Granados was detained and questioned while her neighbors brought blankets to her children to protect them from the cold.

38. Flores-Haro was taken to the Emergency Room of a nearby hospital, where he remained in critical care for several days.

39. As a result of defendants' conduct, Flores-Haro sustained substantial physical injuries and suffers severe emotional distress.

40. As a result of defendants' conduct, Flores-Haro suffered economic loss.

41. As a result of defendants' conduct, Granados suffers severe emotional distress.

42. As a result of defendants' conduct, Granados suffered economic loss.

43. As a result of defendants' conduct, the minor plaintiffs suffer severe emotional distress.

44. Defendants Slade, Egg, and McLeod shot Flores-Haro in the course of executing a search warrant in conjunction with Portland Police Bureau's Gang Enforcement Team.

45. On information and belief, Hillsboro's polices and practices, as applied to law enforcement, caused plaintiffs' injuries as described above.

46. On information and belief, Washington County's policies and practices, as applied to law enforcement officers, caused plaintiffs' injuries as described above.

PAGE 6 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

47.     A reasonable officer in the officer's and deputies' position should have known that the above-described conduct violated plaintiffs' clearly established rights to safety and security in their own home.

## V.
## FIRST CLAIM FOR RELIEF
### (42 USC §1983 - Fourth Amendment Violation -Excessive Force Against Individual Defendants)

48.     Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

49.     As described above, defendants Slade, Egg and McLeod violated Flores-Haro's right not to be subjected to excessive physical force, as guaranteed by the Fourth Amendment to the United States Constitution, which caused his resulting injuries.

50.     As a result of the above, Flores-Haro is entitled to an award of economic and non-economic damages against defendants in amounts to be determined at trial.

51.     Flores-Haro should be awarded his attorney fees and litigation expenses/costs against defendants pursuant to 42 USC § 1988.

## VI.
## SECOND CLAIM FOR RELIEF
### (State Law Claim - Battery Against Hillsboro and Washington County)

52.     Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

53.     Defendants Slade, Egg, and McLeod intentionally engaged in harmful or offensive contact with Flores-Haro, and were acting in the course and scope of their employment when they shot Flores-Haro.

PAGE 7 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC | ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

54. Defendants Hillsboro and Washington County are responsible for the tortious conduct of their employees, which caused the injuries to Flores-Haro.

55. As a result of this battery, Flores-Haro suffered damages as described above.

56. As a result of the above, Flores-Haro is entitled to an award of economic and non-economic damages against defendants in amounts to be determined at trial.

57. Flores-Haro should be awarded his costs, including expert fees against defendants.

## VII.
## THIRD CLAIM FOR RELIEF
### (Negligence Against Hillsboro and Washington County)

58. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

59. Defendants' actions as alleged above violated the standard of care required of law enforcement under the circumstances.

60. Defendants' actions created an unreasonable and foreseeable risk of injury to Flores-Haro and his family.

61. As a result of the above, plaintiffs suffered damages as described above.

62. As a result of the above, plaintiffs are entitled to an award of economic and non-economic damages against defendants, in amounts to be determined at trial.

63. Plaintiffs should be awarded their costs, including expert fees against defendants.

## VIII.
## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress against Hillsboro and Washington County)

64. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

PAGE 8 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC   ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

65. As described above, the employees of defendants Hillsboro and Washington County intentionally and/or with reckless disregard inflicted severe emotional distress on Flores-Haro and his family, the above-named plaintiffs.

66. As described above, defendants Hillsboro and Washington County's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

67. As a result of the above, defendants Hillsboro and Washington County caused plaintiffs severe emotional distress.

68. As a result of the above, plaintiffs are entitled to an award of economic and non-economic damages against Defendants Hillsboro and Washington County in amounts to be determined at trial.

69. Plaintiffs should be awarded their costs, including expert witness fees, against Defendants Hillsboro and Washington County.

## IX.
## FIFTH CLAIM FOR RELIEF
### (Section 1983 - Fourth Amendment Violation -Against Hillsboro and Washington County)

70. Paragraphs 1 through 47 are incorporated herein by reference as though fully set forth.

71. Prior to March 13, 2012, defendants Hillsboro and Washington County developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of people to whom their law enforcement officers would respond to, which caused the violation of Flores-Haro's rights.

72. It was the policy and/or custom of defendants Hillsboro and Washington County to inadequately supervise and train its officers and deputies, including the defendants, thereby

PAGE 9 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

failing to adequately discourage further constitutional violations on the part of its officers and deputies. Hillsboro and Washington County did not require appropriate in-service training or re-training of officers and deputies who were known to have engaged in police misconduct.

73. As described above and at least in part, one or more of Hillsboro and Washington County's policies, official well-established practices or acts caused the violation of Flores-Haro's right not to be subjected to excessive physical force and his resulting injuries, as guaranteed by the Fourth Amendment to the United States Constitution.

74. As a result of the above, Flores-Haro suffered damages as described above.

75. As a result of the above, Flores-Haro is entitled to an award of economic and non-economic damages against defendants in amounts to be determined at trial.

76. Flores-Haro should be awarded his attorney fees and litigation expenses/costs against defendants pursuant to 42 USC § 1988.

///

///

///

///

///

///

///

///

///

///

CREIGHTON & ROSE, PC — ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com

PAGE 10 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

**WHEREFORE**, plaintiffs pray for relief from the Court as follows:

1. Assume jurisdiction in this matter over plaintiffs' claims;

2. Award plaintiffs' economic and non-economic damages against defendants in amounts to be determined at trial in accordance with the allegations set forth above;

3. Award plaintiffs their attorney fees and litigation expenses/costs against defendants in accordance with the allegations set forth above; and

4. Grant such other relief as may be just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED this 7th day of September, 2012.

*/s/ Ashlee Albies*
J. Ashlee Albies, OSB # 05184
Michael Rose, OSB # 75322
Of Attorneys for Plaintiffs
503.221.1792

PAGE 11 – COMPLAINT
Z:\Personal Injury\FLORES-HARO, Adalberto\PLEADINGS\PLAINTIFF\draft complaint.wpd

CREIGHTON & ROSE, PC
ATTORNEYS AT LAW
815 SW 2nd Ave #500
Portland, OR 97204
T. (503) 221-1792
F. (503) 223-1516
ashlee@civilrightspdx.com